| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _15 L 066040_

_DERRICK AND SHARON BOLDEN_

_____ (Name all parties)

v.

_VILLAGE OF RIVERDALE ET. AL._

☒ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: _INV. LEWIS (#107)_
_725 W. 138TH ST._
_RIVERDALE, IL. 60827_

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☒ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, **DOROTHY BROWN** OCT 16 2015

Atty. No.: _33165_

Name: _RODRICK F. WIMBERLY_

Atty. for: _PLAINTIFFS_

Address: _150 N. MICHIGAN AVE SUITE 2800_

City/State/Zip: _CHICAGO, IL 60601_

Telephone: _312/291-4612_

Service by Facsimile Transmission will be accepted at: _____

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLIN

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY



EXHIBIT
A

IN THE CIRCUIT COURT OF COOK COUNTY
SIXTH DISTRICT-LAW DIVISION

DERRICK AND SHARON BOLDEN,        )
                                  )
        Plaintiff,                )
                                  )
vs.                               )        No.    15 L 066040
                                  )
INVESTIGATOR MARK KASHIRSKY,      )
INVESTIGATOR LEWIS (NO. 107);     )
UNKNOWN POLICE OFFICERS OF        )
THE VILLAGE OF RIVERDALE,         )
THE VILLAGE OF RIVERDALE          )
                                  )
        Defendants.               )

## FIRST AMENDED COMPLAINT FOR DAMAGES

NOW COME the Plaintiffs, DERRICK AND SHARON BOLDEN (hereinafter, "Plaintiffs"), by Counsel, Rodrick F. Wimberly and for their cause of action against the Defendants, INVESTIGATOR MARK KASHIRSKY, INVESTIGATOR LEWIS (NO. 107), UNKNOWN POLICE OFFICERS OF THE VILLAGE OF RIVERDALE and THE VILLAGE OF RIVERDALE, [hereinafter and collectively known as the "DEFENDANTS"], file their Complaint For Damages, and allege as follows:

## STATEMENT OF FACTS

1.     That at all times relevant and material to this cause of action, Plaintiffs, DERRICK BOLDEN (hereinafter "DERRICK") AND SHARON BOLDEN, (hereinafter "SHARON") resided in the Village of Riverdale, Cook County, State of Illinois.

1

2. That at all times relevant and material to this cause of action, upon information and belief, INVESTIGATOR MARK KASHIRSKY (hereinafter "KASHIRSKY"), INVESTIGATOR LEWIS (NO. 107) (hereinafter "LEWIS"), UNKNOWN POLICE OFFICERS OF THE VILLAGE OF RIVERDALE (hereinafter "UNKNOWN OFFICERS"), resided in the Village of Riverdale, Cook County, State of Illinois and/or were employed as Police Officers with the Village of Riverdale, State of Illinois, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the Village of Riverdale Police Department and the State of Illinois.

3. That at all times relevant and material to this cause of action, Defendant the VILLAGE OF RIVERDALE (hereinafter "THE VILLAGE") is a municipal corporation within the State of Illinois, and at all times relevant and material to this action, was the employer and principal of Defendants, KASHIRSKY, LEWIS, and UNKNOWN OFFICERS, and was at all relevant times responsible for the supervision, training, policies, practices, and customs of the Riverdale Police Department and its officers.

4. That on August 9, 2013, DERRICK was driving his vehicle at or near the location of 14202 Edbrooke, in Riverdale, Illinois when his vehicle was stopped by, upon information and belief, Officer Ivan Lugo.

5. That the stop of DERRICK's car by Officer Lugo was without warrant and without legal cause or justification.

6. That after Officer Lugo stopped DERRICK's car, he subsequently arrested DERRICK for driving while license suspended and obstruction of a police officer without probable cause or legal justification.

2

7.     That on or about August 9, 2013, Officer Lugo signed a criminal complaint against DERRICK instituting the criminal prosecution of DERRICK by falsely alleging that DERRICK was driving while his license was suspended and that he obstructed a police officer

8.     After arresting and charging DERRICK, Officer Lugo, individually and under color of law, continued to pursue the prosecution of DERRICK for nine months to eventual trial before a judge at the Circuit Court of Cook County, Sixth District.

9.     After the State presented its evidence at the trial, the trial judge found DERRICK not guilty of all charges on May 13, 2014.

10.     That on April 8, 2014, Plaintiff DERRICK was driving his vehicle and arrived at his home in Riverdale.

11.     That DERRICK pulled his car in front of his home between his home and a neighbor's house at 14210 S. LaSalle in Riverdale, Illinois.

12.     That after pulling up to his home, DERRICK got out of his vehicle and entered into his home.

13.     That upon information and belief, as DERRICK was exiting his vehicle and entering his home, KASHIRSKY and LEWIS were sitting in their unmarked police vehicle near the Plaintiffs' home while there was a pending criminal case involving DERRICK and Riverdale police officer Lugo.

14.     That upon information and belief, KASHIRSKY and LEWIS watched DERRICK park his car in front of his home and enter his residence.

15.     That prior to DERRICK entering his home, neither KASHIRSKY nor LEWIS announced their office, identified themselves nor ordered for DERRICK to stop from entering his home.

3

16.     That almost immediately after DERRICK entered his home, KASHIRSKY and LEWIS approached the front door of DERRICK and SHARON's home and aggressively attempted to enter the home by force by banging and presumably kicking on the front door.

17.     Initially, KASHIRSKY and LEWIS failed to announce their office and only did so after Plaintiff, SHARON BOLDEN (hereinafter "SHARON") answered the front door, responding to all of the loud banging.

18.     When SHARON opened the front door, KASHIRSKY and LEWIS moved her out of the way and forcefully accosted and forcibly grabbed DERRICK.

19.     After KASHIRSKY and LEWIS forcefully grabbed DERRICK they told DERRICK that he was being arrested for a "hit and run" accident for allegedly lightly scratching their neighbor's car while he parked his car in front of his home.

20.     For this reason only, the officers entered DERRICK and SHARON's home without a search warrant or consent and forcefully arrested DERRICK and removed him from the home in handcuffs.

21.     That prior to DERRICK's arrest, he did not commit any crime, nor violate any statutory or municipal ordinance, nor do anything that would have justified an arrest.

22.     When KASHIRSKY or LEWIS put handcuffs on DERRICK, the handcuffs were placed on DERRICK more tightly than necessary to immobilize his hands and bruised DERRICK's wrists.

23.     That after KASHIRSKY and LEWIS handcuffed DERRICK, neither DERRICK nor SHARON did anything to defeat DERRICK's arrest.

24.     That after KASHIRSKY and LEWIS handcuffed DERRICK, DERRICK did nothing to resist the arrest.

4

25.     One of the Plaintiffs' neighbor was outside and witnessed DERRICK being removed from the home in handcuffs when KASHIRSKY requested that she sign off on a complaint against DERRICK for "hit and run."

26.     The neighbor responded immediately that she did not wish to sign a criminal complaint and that if there was any damage to her vehicle that she and the Plaintiffs would resolve the issue privately.

27.     Despite the neighbor's refusal to sign a criminal complaint against DERRICK, KASHIRSKY and LEWIS continued to arrest DERRICK.

28.     As KASHIRSKY was taking DERRICK to the police squad car, KASHIRSKY or LEWIS told SHARON to stand on the porch and she did so, trying to see the alleged scratch to the neighbor's vehicle.

29.     After SHARON looked at the area on the neighbor's car that the officers indicated was proof of the "hit and run," SHARON remarked to the officers that she could not believe that the officers were arresting her husband over nothing.

30.     After SHARON remarked that her husband was being arrested over nothing, KASHIRSKY told SHARON, in the presence of the neighbor, that SHARON was going to be arrested also and arrested her, grabbing her and placing her in handcuffs.

31.     That as a result of the grabbing and handcuffing of DERRICK and SHARON by KASHIRSKY and LEWIS, Plaintiffs were injured and incurred loss of income, and continue to suffer from emotional and psychological distress from the arrest.

32.     That prior to SHARON's arrest, she did not commit any crime, nor violate any statutory or municipal ordinance, nor do anything that would have justified an arrest.

33. At their home, DERRICK and SHARON repeatedly inquired as to why SHARON was being arrested with no answer from either KASHIRSKY or LEWIS.

34. Only after the Plaintiffs' arrived at the police station did they find out that the arresting officer falsely claimed that SHARON attempted to obstruct DERRICK'S arrest by KASHIRSKY and LEWIS.

35. While both DERRICK and SHARON were being arrested and handcuffed, another police squad car arrived on the scene in front of the Plaintiffs' home.

36. As SHARON was being arrested, she tossed her house keys to her next door neighbor and asked for her neighbor to lock the doors to her home for her, which the neighbor did immediately.

37. However, just before the Plaintiffs were taken to the police station by UNKNOWN OFFICERS of the Riverdale Police, DERRICK and SHARON witnessed from the rear window of the police squad car, KASHIRSKY demand for the neighbor to open the locked door of DERRICK and SHARON's home.

38. When KASHIRSKY and LEWIS demanded that the neighbor open the door of DERRICK and SHARON's home, they were acting under the color of law and were exerting their authority as law enforcement officers.

39. As a result of KASHIRKY and LEWIS demanding that the neighbor open the door of DERRICK and SHARON's home, the neighbor opened the door and KASHIRSKY and LEWIS entered the Plaintiffs' home.

40.     That upon information and belief, KASHIRSKY and LEWIS proceeded to search the Plaintiffs' home, upon information and belief, their bedrooms and other personal living spaces, for over 30 minutes without warrant or cause of any kind or justification, but failed to find any contraband or illegal proceeds.

41.     After the Plaintiffs were taken to the Riverdale Police station, upon information and belief, KASHIRSKY called the Plaintiffs' neighbors on the telephone pressuring them to sign criminal complaints against DERRICK, but the neighbors refused to sign any complaints against him.

42.     That after multiple requests, the neighbors told, upon information and belief, KASHIRSKY or LEWIS that they would not sign complaints against DERRICK and to stop calling them.

43.     After arresting and charging DERRICK and SHARON, KASHIRSKY and LEWIS, individually and under color of law, continued to pursue the prosecution of DERRICK and SHARON for over six months to eventual trial before a judge at the Circuit Court of Cook County, Sixth District.

44.     That at the trial, after KASHIRSKY and LEWIS took oaths to tell the truth and testified about the circumstances of DERRICK and SHARON's arrests and the State presented its evidence against DERRICK and SHARON, the trial judge found both Plaintiffs not guilty.

45.     As a result of the Plaintiffs' false arrest and assault by the Officers, DERRICK and SHARON suffered physical and psychological injuries, loss to their reputation as well as compensatory damages related to the criminal prosecution.

46.    That since DERRICK's initial arrest and unsuccessful prosecution and since DERRICK and SHARON's arrest and unsuccessful prosecution of the Plaintiffs, UNKNOWN OFFICERS of the VILLAGE OF RIVERDALE, have engaged in a pattern of harassment against DERRICK by consistently interrupting his liberty to be free from unreasonable searches and seizures while driving in Riverdale with no probable cause that DERRICK had violated, or was violating any municipal ordinance or any statute of the State of Illinois.

47.    That on or about April 8, 2015, a tort claim notice was served upon the VILLAGE, the Board of Trustees of the VILLAGE OF RIVERDALE, the Village of Riverdale Chief of Police and the office of the Mayor of the VILLAGE OF RIVERDALE alleging the nature of the claims of DERRICK and SHARON against the VILLAGE in this cause.

48.    That on or about April 8, 2015, THE VILLAGE and Riverdale Police Department were served with Tort Claim Notices alleging the nature of the claims of DERRICK and SHARON against the VILLAGE in this cause

49.    That after the Tort Claim Notice was served upon the Village of Riverdale Police Department, the VILLAGE by and through UNKNOWN POLICE OFFICERS, began a systematic and pervasive plan to deprive DERRICK of his liberty while traveling in his vehicle in Riverdale by consistently stopping DERRICK's vehicle multiple times by UNKNOWN OFFICERS of the Village of Riverdale Police without legal cause, justification or provocation.

## COUNT I: STATE LAW CLAIM-EXCESSIVE FORCE
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.    The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.     At all relevant times, Defendants KASHIRSKY and LEWIS had a legal duty not to arrest citizens without cause or justification and to refrain from using unnecessary and reasonable force under the circumstances of an arrest.

51.     That there was no legal justification and/or probable cause to necessitate the above described force and actions against Plaintiffs, DERRICK and SHARON.

52.     That the actions of Defendants KASHIRSKY and LEWIS constituted an unreasonable seizure and excessive force upon DERRICK and SHARON.

53.     At all relevant times, Defendants KASHIRSKY and LEWIS' actions and/or omissions as they pertained to Plaintiffs were unnecessary, unreasonable, excessive, and done maliciously, willfully, wantonly, and with deliberate indifference and/or reckless disregard for the Plaintiffs' safety.

54.     The due to the actions of Defendants KASHIRSKY and LEWIS, Plaintiffs have been damaged and suffered severe physical and psychological injuries.

WHEREFORE, Plaintiff, DERRICK and SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.     In favor of the Plaintiff and against the Defendants MARK KASHIRSKY and INV. LEWIS in an amount to exceed $50,000.00;

B.     Declaring the aforementioned conduct of Defendants KASHIRSKY and LEWIS in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.     Awarding actual damages to Plaintiff to compensate him for his injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

9

## COUNT II: STATE LAW CLAIM-BATTERY
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.    The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.    That as described above, Defendants KASHIRSKY and LEWIS caused bodily injury and unwanted physical contact with DERRICK and SHARON when they grabbed them and placed them in handcuffs, without any legal cause and used force against Plaintiff s causing them injuries.

51.    That as a result of the unwanted and unwelcomed touching of DERRICK AND SHARON by KASHIRSKY and LEWIS, both of the Plaintiffs sustained physical and psychological injuries, emotional distress and other damages.

52.    That due to DERRICK and SHARON's false arrest by Defendants OFFICERS Plaintiffs have been severely damaged.

WHEREFORE, Plaintiff, DERRICK AND SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.    In favor of the Plaintiffs and against KASHIRSKY and LEWIS in an amount to exceed $50,000.00

B.    Declaring the aforementioned conduct of KASHIRSKY, LEWIS, in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.    Awarding actual damages to Plaintiffs to compensate them for their injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

10

D.  Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

## COUNT III: STATE LAW CLAIM-ASSAULT
## (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.  The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (I) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.  That as described in the preceding paragraphs, the conduct of one or more of the individual Defendants, KASHIRSKY AND LEWIS, acting under color of the law and within the scope of their employment, created in Plaintiff the reasonable apprehension of imminent harm, undertaken willfully and wantonly, and proximately causing Plaintiff's injuries.

51.  That the actions of the individual Defendants, KASHIRSKY AND LEWIS were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights and to the rights of others.

52.  As a result of individual Defendants,' KASHIRSKY AND LEWIS actions, Plaintiff BOLDEN has suffered injuries, and been damaged.

WHEREFORE, Plaintiff, DERRICK AND SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.  In favor of the Plaintiff and against KASHIRSKY AND LEWIS in an amount to exceed $50,000.00;

B.  Declaring the aforementioned conduct of the KASHIRSKY AND LEWIS in their false arrest and excessive force and harassment of the Plaintiffs unlawful;

11

C.     Awarding actual damages to Plaintiffs to compensate them for their injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

## COUNT IV

## STATE LAW CLAIM-MALICIOUS PROSECUTION OF DERRICK BOLDEN (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.   The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.     That on April 8, 2014, Defendant KASHIRSKY instituted criminal proceedings against Plaintiff DERRICK BOLDEN swearing and signing a complaint against DERRICK alleging that DERRICK was driving while license was suspended and resisted a police officer.

51.     That KASHIRSKY instituted said proceeding with malice and without probable Cause that Plaintiff DERRICK committed the offense set forth above.

52.     After DERRICK was arrested and charged, KASHIRSKY and LEWIS, individually and under color of law, continued to pursue the prosecution of DERRICK for over six months to eventual trial before a judge at the Circuit Court of Cook County, Sixth District.

53.     That on October 15, 2014, said proceeding was terminated in Plaintiff DERRICK BOLDEN'S favor as a judge found DERRICK not guilty.

WHEREFORE, Plaintiff, DERRICK BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

12

A.    In favor of the Plaintiff and against defendants, MARK KASHIRSKY, INV. LEWIS (NO. 107) and the VILLAGE OF RIVERDALE in an amount to exceed $50,000.00;

B.    Declaring the aforementioned conduct of KASHIRSKY and LEWIS in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.    Awarding actual damages to Plaintiff to compensate him for his injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.    Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

## COUNT V

## STATE LAW CLAIM-MALICIOUS PROSECUTION OF SHARON BOLDEN (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.    The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.    That on April 8, 2014, Defendant KASHIRSKY instituted criminal proceedings against SHARON by swearing and signing a complaint against SHARON alleging that she committed disorderly conduct/obstructing a peace officer by attempting to defeat the arrest of her husband DERRICK.

51.    That KASHIRSKY instituted said proceeding with malice and without probable Cause that SHARON committed the offense set forth above.

13

52.     After arresting and charging SHARON, KASHIRSKY and LEWIS,

individually and under color of law, continued to pursue the prosecution of SHARON for over six

months to eventual trial before a judge at the Circuit Court of Cook County, Sixth District.

53.     That on October 15, 2014, said proceeding was terminated in Plaintiff SHARON's

favor when a judge found SHARON not guilty.

WHEREFORE, Plaintiff, SHARON BOLDEN, hereby respectfully requests that this

Honorable Court enter an Order and Judgment:

A.      In favor of the Plaintiff and against defendants, MARK KASHIRSKY, INV.

LEWIS (NO. 107) in an amount to exceed $50,000.00;

B.      Declaring the aforementioned conduct of officers KASHIRSKY and LEWIS in its

false arrest and excessive force and harassment of the Plaintiff unlawful;

C.      Awarding actual damages to Plaintiff to compensate her for her injuries; and grant

Plaintiff the costs of this action and reasonable attorney fees; and

D.      Awarding pre-judgment and statutory interest; and, for all other just and proper

relief as this Court deems just and/or equitable.


## COUNT VI: STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.   The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1)

through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates

them as fully set forth.

50.     In the manner described more fully above, the misconduct of the Defendants UNKNOWN OFFICERS toward Plaintiff BOLDEN constituted intentional infliction of emotional distress.

51.     KARSHIRSKY and LEWIS' misconduct as described in their arrest and unjustified prosecution of Plaintiff was extreme and outrageous.

52.     The misconduct of KARSHIRSKY and LEWIS wrongfully described in this Count was undertaken with the intent to inflict severe emotional distress or with knowledge that there was a high probability that their conduct would inflict such distress.

53.     As a result of KARSHIRSKY and LEWIS' misconduct, Plaintiffs suffered emotional distress.

WHEREFORE, Plaintiffs, DERRICK AND SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.     In favor of the Plaintiffs and against KARSHIRSKY, LEWIS in an amount to exceed $50,000.00;

B.     Declaring the aforementioned conduct of KASHIRSKY AND LEWIS in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.     Awarding actual damages to Plaintiff to compensate him for his injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

15

### COUNT VII: STATE LAW CLAIM
### FALSE ARREST AND DETENTION
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.    The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1)

through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates

them as fully set forth.

50.    As described more fully above, Plaintiffs SHARON and DERRICK BOLDEN

were falsely detained by the Defendants UNKNOWN OFFICERS without lawful justification.

51.    The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff BOLDEN's constitutional rights.

52.    The misconduct described in this Count was undertaken by the Defendants,

KASHIRSKY AND LEWIS within the scope of their employment and under color of law.

53.    That as a result of the Defendants KASHIRSKY AND LEWIS' actions, Plaintiff

BOLDEN has been damaged.

WHEREFORE, Plaintiff, DERRICK AND SHARON BOLDEN, hereby respectfully

requests that this Honorable Court enter an Order and Judgment:

A.    In favor of the Plaintiff and against KASHIRSKY AND LEWIS in an amount
    to exceed $50,000.00;

B.    Declaring the aforementioned conduct of KASHIRSKY AND LEWIS in its
    false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.    Awarding actual damages to Plaintiff to compensate him for his injuries; and grant
    Plaintiff the costs of this action and reasonable attorney fees; and

D.    Awarding pre-judgment and statutory interest; and, for all other just and proper
    relief as this Court deems just and/or equitable.

16

## COUNT VIII

### 42 USC 1983:
### WRONGFUL ARREST OF PLAINTIFF DERRICK BOLDEN
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.   The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1)

through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates

them as fully set forth.

50.   That each act set forth below was done by KASHIRSKY AND LEWIS under color

and pretense that the statutes, ordinances, regulations, customs and usages of the State of Illinois

and Village of Riverdale.

51.   That KASHIRSKY AND LEWIS arrested Plaintiff DERRICK BOLDEN for

driving while leaving the scene of an accident and resisting a police officer.  Said arrest was made

without legal authority and without reasonable basis or probable cause that said Plaintiff violated

said statutes and local ordinances.

52.   That pursuant to the arrest set forth above, KASHIRSKY AND LEWIS knowingly

and against Plaintiff DERRICK BOLDEN'S will detained said Plaintiff and restrained his personal

liberty of freedom and locomotion.

53.   That the actions set forth above violates Plaintiff DERRICK BOLDEN'S Fourth

(4th), Fifth (5th), and Fourteenth (14th) Amendments to the Constitution of the United States of

America and this action arises under 42 USC 1983.

54.   That as a direct and proximate result of the acts of KASHIRSKY and LEWIS as

stated above, Plaintiff DERRICK BOLDEN suffered physical injury, severe emotional and

psychological distress and humiliation and incurred attorney fees and costs.

WHEREFORE, Plaintiff, DERRICK BOLDEN, hereby respectfully

17

requests that this Honorable Court enter an Order and Judgment:

A.  In favor of the Plaintiff and against the Defendants KASHIRSKY AND LEWIS in an amount to exceed $50,000.00;

B.  Declaring the aforementioned conduct of KASHIRSKY AND LEWIS in their false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.  Awarding actual damages to Plaintiff to compensate them for their injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.  Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

## COUNT IX

### 42 USC 1983:
### WRONGFUL ARREST OF SHARON BOLDEN
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

I-49.  The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.  That each act set forth below was done by KASHIRSKY AND LEWIS under color and pretense that the statutes, ordinances, regulations, customs and usages of the State of Illinois and City of Chicago.

51.  That KASHIRSKY AND LEWIS's arrest of SHARON was made without legal authority and without reasonable basis or probable cause that said Plaintiff violated said ordinance.

52.     That pursuant to SHARON's arrest set forth above, KASHIRSKY AND LEWIS knowingly and against SHARON's will detained her and restrained her personal liberty of freedom and locomotion.

53.     That KASHIRSKY and LEWIS' actions toward SHARON violated her Fourth (4th), Fifth (5th), and Fourteenth (14th) Amendments to the Constitution of the United States of America and this action arises under 42 USC 1983.

54.     That as a direct and proximate result of the acts of KASHIRSKY and LEWIS, Plaintiff SHARON BOLDEN suffered physical and psychological injury, severe emotional distress and humiliation and incurred attorney fees and costs.

WHEREFORE, Plaintiff, SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.     In favor of the Plaintiff and against the Defendants, MARK KASHIRSKY and INV. LEWIS (NO. 147) in an amount to exceed $50,000.00;

B.     Declaring the aforementioned conduct of the officers MARK KASHIRSKY and INV. LEWIS (NO. 147) in their false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.     Awarding actual damages to Plaintiffs to compensate them for them for their injuries; and grant Plaintiffs' the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

19

## COUNT X

### 42 USC 1983:
### WRONGFUL ARREST OF DERRICK BOLDEN
### (DIRECTED AGAINST KASHIRSKY AND LEWIS)

1-49.    The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1)

through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates

them as fully set forth.

50.    That after DERRICK was found not guilty on October 15, 2014, has consistently

had his vehicle stopped by UNKNOWN OFFICERS of the Riverdale Police Department.

51.    That the stopping of DERRICK's vehicle by UNKNOWN OFFICERS was done

under color and pretense that the statutes, ordinances, regulations, customs and usages of the State

of Illinois and Village of Riverdale.

52.    That the consistent stopping of DERRICK's vehicle by UNKNOWN OFFICERS

was made without legal authority and without reasonable basis or probable cause that said

Plaintiff violated the laws of the State of Illinois or the ordinances of the Village of Riverdale.

53.    That the consistent stopping of DERRICK's vehicle by UNKNOWN OFFICERS

knowingly and against DERRICK's will, detained him and restrained his personal liberty of

freedom and locomotion.

54.    That the unjustified stopping of DERRICK's vehicle by UNKNOWN OFFICERS

violated his Fourth (4th), Fifth (5th), and Fourteenth (14th) Amendments to the Constitution of the

United States of America and this action arises under 42 USC 1983.

55.     That as a direct and proximate result of the acts of UNKNOWN OFFICERS,

DERRICK suffered physical and psychological injury, severe emotional distress and humiliation

and incurred attorney fees and costs.

WHEREFORE, Plaintiff, DERRICK BOLDEN, hereby respectfully requests that this

Honorable Court enter an Order and Judgment:

A.      In favor of the Plaintiff and against the Defendants, UNKNOWN OFFICERS, in

        an amount to exceed $50,000.00;

B.      Declaring the aforementioned conduct of UNKNOWN OFFICERS in their

        unjustified stopping of DERRICK's vehicle harassment of the Plaintiff and

        unlawful;

C.      Awarding actual damages to Plaintiff to compensate him for his injuries; and grant

        Plaintiff the costs of this action and reasonable attorney fees; and Awarding pre-

        judgment and statutory interest; and, for all other just and proper relief as this Court

        deems just and/or equitable.

## COUNT XI: STATE LAW CLAIM
### *RESPONDEAT* SUPERIOR

1-49.   The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1)

through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates

them as fully set forth.

50.     That aforesaid acts and state law violations of the Defendants, MARK

KASHIRSKY and INV. LEWIS (NO. 147) and UNKNOWN OFFICERS, as set forth above,

were performed in the scope and course of their employment and were done maliciously,

21

willfully, wantonly, with deliberate indifference, and/or reckless disregard for the Plaintiff's liberty and Constitutional rights.

50.     The VILLAGE is therefore liable as a principal for the actions of its employees and/or agents, under the doctrine of *respondeat superior*, for the state law claims set forth above in this Complaint.

WHEREFORE, Plaintiff, DERRICK AND SHARON BOLDEN, hereby respectfully request that this Honorable Court enter an Order and Judgment:

A.     In favor of the Plaintiff and against the VILLAGE OF RIVERDALE in an amount to exceed $50,000.00;

B.     Declaring the aforementioned conduct of the VILLAGE OF RIVERDALE, by and through its employees, KASHIRSKY, LEWIS and UNKNOWN OFFICERS in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.     Awarding actual damages to Plaintiffs to compensate them for their injuries; and granting Plaintiffs the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

## COUNT XII: STATE LAW CLAIM
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102

1-49.     The Plaintiffs hereby adopts, re-alleges, and incorporates Paragraphs One (1) through 49 of the paragraphs above as stated herein in Count I of this Complaint, and incorporates them as fully set forth.

50.     Illinois law provides that public entitles are directed to pay any tort judgment for compensation damages for which its employees are liable. Defendants MARK KASHIRSKY and INV. LEWIS (NO. 147) and UNKNOWN OFFICERS, at all relevant times acted within the course and scope of their employment as members and agents of the Riverdale Police Department under the color of the law.

51.     That Defendant, the VILLAGE, is liable as principal for all torts committed by its employees.

WHEREFORE, Plaintiffs, DERRICK AND SHARON BOLDEN, hereby respectfully requests that this Honorable Court enter an Order and Judgment:

A.     In favor of the Plaintiffs and against the VILLAGE OF RIVERDALE in an amount to exceed $50,000.00;

B.     Declaring the aforementioned conduct of the VILLAGE OF RIVERDALE, by and through its employees, KASHIRSKY, LEWIS and UNKNOWN OFFICERS in its false arrest and excessive force and harassment of the Plaintiffs unlawful;

C.     Awarding actual damages to Plaintiff to compensate him for his injuries; and grant Plaintiff the costs of this action and reasonable attorney fees; and

D.     Awarding pre-judgment and statutory interest; and, for all other just and proper relief as this Court deems just and/or equitable.

Rodrick F. Wimberly

Rodrick F. Wimberly
Lakeshore East Law Group
150 N. Michigan Ave. Suite 2800
Chicago, IL 60601
312/291-4612
Firm No. 59442

23